**CLARK TRANSPORT COMPANY,**
Plaintiff,

v.

**INTERSTATE COMMERCE COMMISSION**
and
**The United States of America,**
Defendants,
and
**K. W. McKee, Incorporated, Intervenor-Defendants.**

No. 4–63–Civil–399.

United States District Court
D. Minnesota,
Fourth Division.

Dec. 20, 1963.

Clay R. Moore, Mackall, Crounse, Moore, Helmey & Holmes, Minneapolis, Minn., for plaintiff.

Robert W. Ginnane, Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for defendant Interstate Commerce Commission.

William H. Orrich, Jr., Asst. Atty. Gen., Washington, D. C., and Miles Lord, U. S. Atty., Minneapolis, Minn., for the United States.

Harrison P. Dilworth and Robert Elliott, Jr., Janes & Elliott, St. Paul, Minn., for intervenor-defendant McKee.

Before SANBORN, Circuit Judge, and DEVITT and NORDBYE, District Judges.

DEVITT, District Judge.

Several motions have been filed and argued in this appeal to a three-judge statutory court from a decision of the Interstate Commerce Commission.

Plaintiff is an Illinois corporation with headquarters in Chicago. For several years it has been hauling new cars of Ford manufacture in secondary movements from the St. Paul-Minneapolis area to points in North Dakota by the truckaway method. In June of this year the Interstate Commerce Commission, by affirming a recommended report of a joint board considering the matter, authorized the issuance of a permit to the intervenor, K. W. McKee, Incorporated, of St. Paul, Minnesota to haul new cars by the truckaway method from St. Paul-Minneapolis to points in North Dakota. It appears to be Ford's intention to turn over this business from Clark to McKee.

Following the Interstate Commerce Commission decision, Clark filed its complaint in this district alleging that the Commission acted arbitrarily, capriciously and contrary to law, and praying that the ICC order be set aside. Clark also filed an affidavit purporting to show substantial irreparable loss to the Clark Transport Company if the ICC order be permitted to stand, and asked for a restraining order pending the hearing of the appeal. Pursuant to the authority of 28 U.S.C.A. § 2284(3), the Court signed such a restraining order.

A three-judge court consisting of Judges Sanborn, Nordbye and the undersigned, were designated to hear the appeal. Judge Sanborn sat with the undersigned at the hearing on some of the motions filed.

K. W. McKee, Incorporated, has been permitted to intervene. McKee has moved for a dismissal of the action on the grounds that the venue is not proper and also for a dismissal of the temporary restraining order.

The parties have now agreed that the venue is not proper. As noted, the plaintiff is an Illinois corporation. The statute provides that this action be brought in the district where the plaintiff resides. 28 U.S.C.A. § 1398. While improper venue may be waived, the parties do not choose to do so. Under 28 U.S.C.A. § 1406(a), then, the Court must either dismiss the action, as requested by McKee, or transfer it to the proper forum, the Northern District of Illinois, as urged by Clark.

Both parties agree that the court, under 28 U.S.C.A. § 1406(a) has the authority to either (a) dismiss or (b) transfer the case to the proper District. It seems to us that this is a proper case, "in the interest of justice", for transfer. It appears that the plaintiff acted in good faith, although mistakenly, in laying venue in the District of Minnesota. It is not questioned that service could have been obtained on the defendants in Illinois. Commencing the action in the District of Minnesota, therefore, was not reflective of an effort to circumvent the process statutes or of any other improper or questionable purpose, such as would call for the more drastic dismissal as authorized by the 1949 amendment to § 1406(a). 1949 U.S.Code Cong.Service, p. 1248. In truth the District of Minnesota appears to be a more logical district for the trial of this matter than does the Northern District of Illinois. The attorneys for both Clark and McKee live here, McKee's headquarters are in Minnesota, and Clark has a large terminal in Minneapolis, albeit its principal office is in Chicago.

But it appears that McKee's objection to venue in Minnesota is raised principally so that it may seek a dismissal of the action and the concomitant dissolution of the temporary restraining order so as to give immediate effect to the ICC ruling. But it seems to us that it would be an injustice to Clark to dismiss the action and thus terminate the temporary injunction which has been issued on the basis of Clark's allegations of irreparable damage. There has been no showing by affidavit or otherwise that Clark would not suffer this irreparable damage. And there is no showing that McKee will suffer an irreparable damage if the action is not dismissed and the temporary restraining order terminated. It is more logical, it seems to us, to follow the established practice of maintaining the temporary injunction in force until, in the words of the statute, "the hearing and

**238**

determination by the full court." 28 U.S.C.A. § 2284(3). The three-judge statutory court to be created in the Northern District of Illinois, at a hearing and with a proper showing, may rule on the continuation or termination of the restraining order.

For these reasons McKee's motion to dismiss is denied and, because it is patent that venue properly should be in the Northern District of Illinois, the case is transferred to that jurisdiction.

Previously, in the interest of expediting hearing and disposition, the Court made its order setting an early time for the filing of briefs and hearing of this matter on the merits. In view of the transfer of the matter to Illinois, that order is vacated.

Ford Motor Company has filed a motion to intervene. The Court is of the view that it would be inappropriate for it to act on that motion now and leaves disposition of it to the court in the Northern District of Illinois.

The Clerk is directed to transfer this file to the United States District Court for the Northern District of Illinois.